IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RHC Spacemaster Corp., et al., | ) | 03 B 06210 |
| | ) | |
| Debtors. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| LePetomane IX, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. No. 05 A 00413 |
| Philip Rosenband, Alvin R. Umans, | ) | |
| Craig J. Umans, Ernest J. Goer, Albert R. Goer, | ) | |
| Alan B. Goer, and Thomas J. Lind, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

In the "Defendants' Motion for Extension of Time to File Written Objections and to Vacate Date to Answer Complaint," the defendants rely on Federal Rule of Bankruptcy Procedure 9033 for the right to take immediate objections to the district court. The motion correctly sets forth several points. LePetomaine IX, Inc. is technically pursuing a noncore proceeding (or a civil proceeding related to a case under Title 11), which means that the bankruptcy court cannot enter a final judgment disposing of the controversy. Rather, the bankruptcy court files proposed findings of fact and conclusions of law, and the bankruptcy clerk dockets the same and sends them to the district court, which enters a final judgment after the parties present written objections to the bankruptcy court's proposed findings. In invoking this right to present objections to the district court, the defendants request an extension of time to file the objections under Federal Rule of Bankruptcy Procedure 9033(c).

For the following reasons, this motion is premature and, accordingly, is denied without prejudice until the time at which the bankruptcy court actually files proposed findings of fact and conclusions of law. A careful reading of 28 U.S.C. sec 157(c)(1) contemplates a bankruptcy judge specifically sending proposed findings of fact and conclusions of law that will enable and assist the district court judge in entering the final order or judgment. Thus, the bankruptcy court's proposed findings must contemplate a final judgment terminating the litigation in order for the district court to review and then enter a final judgment. Any other system would foster a system of inefficient interlocutory objections that would parallel inefficient, wasteful interlocutory appeals between the U.S. district court and the Seventh Circuit Court of Appeals. Whatever objections the defendants have to this Court's denial of the 12(b)(6) motion to dismiss must be subsumed in the list of comprehensive objections to whatever proposed findings this bankruptcy court ultimately sends to the district court.

Finally, the related bankruptcy rule implies this same result. It provides, in pertinent part, as follows:

> In non-core proceedings heard pursuant to 28 U.S.C. § 157(c)(1), the bankruptcy judge shall file proposed findings of fact and conclusions of law. The clerk shall serve forthwith copies on all parties by mail and note the date of mailing on the docket.
> (b) Objections: time for filing
> Within 10 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection.
> (c) Extension of time
> The bankruptcy judge may for cause extend the time for filing objections by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule.

Federal Rules of Bankruptcy Procedure, Rule 9033. For purposes of the time-extension

provision, the 10 days don't run until the clerk serves copies of the proposed findings, and in this situation, the bankruptcy clerk has never done so, and this motion is premature. Moreover, the clerk cannot serve the proposed findings until the bankruptcy court files the same, and the bankruptcy court has never filed proposed findings in this case. The brief oral ruling denying the motion to dismiss did not constitute proposed findings of fact and conclusions of law. It did not enable or assist the district court in rendering a final disposition of the civil proceeding, so the time-extension issue is not yet ripe.

More importantly, the bankruptcy judge has not heard evidence on which it could base proposed findings of fact.

## ORDER

Accordingly, the "Defendants' Motion for Extension of Time to File Written Objections and to Vacate Date to Answer Complaint" is denied without prejudice.

Date:   January 5, 2006                    ENTERED:

                                           _____
                                           Jacqueline P. Cox
                                           United States Bankruptcy Judge